IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

11 JAN 13  PM 1: 51

CASE NO.  4:10 CV 2005

DAVID PATRICK WORRELL,
                                    Petitioner

MEMORANDUM OF OPINION AND
ORDER DENYING PETITIONER'S
WRIT OF HABEAS CORPUS

              -vs-

J. T. SHARTLE, et al.
                              Respondents.

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is pro se petitioner David Patrick Worrell's petition for writ of

habeas corpus filed pursuant to 28 U.S.C. § 2241.  Mr. Worrell is incarcerated at the

Federal Satellite Location in Elkton, Ohio (FSL-Elkton) and has a projected release date

of 17 March 2014.  He seeks, inter alia, an Order dismissing a detainer lodged against

him by the United States Parole Commission (USPC).

## Background

On or about 11 October 1995, Mr. Worrell was arrested in the District of

Columbia on charges of cocaine possession.  He was released on bond 11 December

1995.  Eventually, he pled guilty to the charges and was sentenced by the D.C.

Superior Court to serve six years in prison.  See District of Columbia v. Worrell, No. 95-

F-8694 (D.C. Sup. Ct.).  The sentence commenced on 15 August 1997.  While serving

this sentence, he claims he was awarded 45 days of "educational good time" for participating in a "program from 10/08/98 thru 9/01/99." He claims he was released on parole on 24 April 2000, which continued in effect until "his full term date in 2003." (Pet. at 2.).

On 26 May 2003 a parole violation warrant was issued by the USPC. That same year, the United States District Court for the Eastern District of North Carolina indicted and charged Petitioner with possession with intent to distribute cocaine and possession with intent to distribute heroin, both in violation of 21 U.S.C. § 841(a)(1). See United States v. Worrell, No. 4:03cr00049 (E.D. N.C.). In March 2004, he pled guilty to the federal charges and was sentenced to serve 151 months in prison. Id. Mr. Worrell appealed his sentence to the Fourth Circuit based, in part, on the argument that the District Court violated his Sixth Amendment rights by imposing a sentence enhanced by his designation as a career offender. The Fourth Circuit affirmed his conviction and sentence, and dismissed the appeal as to the court's denial of his motions for a downward departure. See United States v. Worrell, No. 04-4202, 2005 WL 1971451 (4th Cir. 17 Aug. 2005). He remains in custody serving his federal sentence.

### Analysis

Mr. Worrell raises two arguments in his present Petition: (1) the USPC lacked jurisdiction to impose a parole violator warrant in May 2003; and, (2) the District Court of North Carolina failed to determine the statutory definition of the offenses listed in his pre-sentence report; thus, he is "actually innocent" of being classified as a Career Offender. He claims this Court has jurisdiction to "correct the manner of execution by

2

the U.S. Parole Commission of the sentence imposed by the Superior Court *once he violated the terms of his parole by committing a federal offense.*" (Pet. at 5.). Upon due consideration of the fact that the Petition clearly lacks merit, the Court will decline to recite the case law or statutes he cites in support of his claims.

## 28 U.S.C. § 2241

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). However, §2241(c)(3) notes the writ will not be extended to a prisoner unless "he [or she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack. See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

Mr. Worrell challenges the validity of a detainer warrant the USPC lodged against him in 1993. A detainer is described as a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985). This concept is crucial to Petitioner's request for habeas relief because a detainer does not represent the basis upon which a prisoner is actually held in confinement. Curtis v. United States, 123 Fed. Appx. 179, 183, No. 03-6411, 2005 WL 89057 (6th Cir. 18 Jan. 2005). Instead, the issuance of a detainer suggests the prisoner is incarcerated on other

3

charges. Id. The detainer assures the prisoner will not be released before the authority

issuing the detainer can obtain future custody on the charges referenced in the

detainer. Id.


While a prisoner may attack the computation of his parole or sentencing under

28 U.S.C. § 2241, United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991), simply

issuing a detainer warrant does not place the prisoner in custody for habeas corpus

purposes. Petitioner is presently still serving the 151 month sentence imposed by the

District Court of North Carolina. Because he is not challenging the execution of the

sentence he is serving, he cannot argue he is "in custody in violation of the Constitution

or laws or treaties of the United States." 28 U.S.C. § 2241.


### Challenge to Set Aside Sentence

Mr. Worrell's secondary claim is that the District Court of North Carolina

erroneously classified him as a Career Offender. He argues the Court failed to

determine the statutory definition of the offenses listed in his pre-sentence report

rendering him "actually innocent."

This is an issue Mr. Worrell previously attempted to argue on direct appeal to the

Fourth Circuit. Citing Blakely v. Washington, 542 U.S. 296 (2004), he maintained his

Sixth Amendment rights were violated when the district court imposed a sentence

enhanced by his designation as a career offender on facts not alleged in the indictment,

admitted by him, or found by a jury beyond a reasonable doubt. Further, he claimed

that:

4

Case: 4:10-cv-02005-LW Doc #: 5 Filed: 01/13/11 5 of 6. PageID #: 26

the district court's determination that his prior convictions for possession
with intent to distribute CDS and possession with intent to distribute
cocaine qualified as "controlled substance offenses" under USSG § 4B1.2
constituted impermissible judicial fact-finding because it required the court
to find he had a "specific type of prior conviction."

Worrell, 2005 WL 1971451, at *2. The Fourth Circuit relied upon the United States

Supreme Court's opinion in Shepard v. United States, 544 U.S. 13, 24-26, 125 S.Ct.

1254, 1262-63 (2005) to find that the Petitioner's career offender designation did not

violate the Sixth Amendment. Id.

Petitioner acknowledges he previously raised this issue before the Fourth Circuit,

but claims "he has been denied absent a 'merits' determination on each occasion." Mr.

Worrell later filed a writ of audita querela pursuant to the All Writs Act, 28 U.S.C. §

1651(a), with the District Court of North Carolina, seeking an order vacating the

sentence imposed upon his guilty plea. Petitioner argued "he was improperly

characterized as a career offender because the government's evidence was insufficient

to support such a finding." Worrell v. United States, No. 4:06-CV-63-H, 2007 WL

4953494 (E.D.N.C. 28 May 2007). The District Court, further, noted that the claims he

raised "not only could have been raised in a § 2255 motion, but, in fact, were raised by

petitioner in a previously filed § 2255 motion, that the court rejected [on 20 December

2006.]" Id., 2007 WL 4953494, at *1.

Contrary to Petitioner's statement, it is apparent that the challenge to his status

as a career offender has already been addressed on the merits more than once.

Section 2255 only provides a safety valve, wherein a federal prisoner may bring a

§ 2241 claim challenging his conviction or imposition of sentence, if it appears that the

remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his

5

detention." <u>United States v. Hayman</u>, 342 U.S. 205, 223 (1952); <u>In re Hanserd</u>, 123 F.3d 922, 929 (6th Cir. 1997).  The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, <u>see</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997); <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 982 (1988).  As such, Mr. Worrell may not challenge his conviction pursuant to 28 U.S.C. § 2241 because he has failed to establish that his 28 U.S.C. § 2255 remedy is inadequate or ineffective.  <u>See</u> 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause.").

### Conclusion

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]


IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

---

[1]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.